HENRY W. COLLETT *vs.* OLIN H. SMITH.

Hampden. Sept. 28, 1886. — Feb. 23, 1887. DEVENS & W. ALLEN, JJ., absent.

A. and B. entered into a contract in writing, by the terms of which A. agreed to work for B., at a certain rate per day, for a year, and, if B. continued in business, at an advanced rate for the second year. During the first year, B. took in C. as a partner, and the business continued as before, except that B. gave up to C. the direction of the work. A. worked for the firm, after its formation, until the end of the two years, receiving his pay weekly at the rate agreed upon for the first year. He then brought an action against B. on the contract to recover the extra rate for the second year. The judge admitted evidence of admissions of C. in regard to the contract; instructed the jury that, if the defendant continued business with a partner during the second year, he would be continuing business within the meaning of the contract; and left it to the jury to determine, as a question of fact, whether the defendant gave up business. The jury returned a verdict for the plaintiff. *Held,* that the defendant had no ground of exception.

GARDNER, J. The parties to this action entered into a mutual written agreement, by which the plaintiff agreed to work one year for the defendant at a certain rate per day, and, if the defendant " continues the business," to work the second year at an advanced rate. By the terms of the contract, the plaintiff was to take charge, under the defendant, of his

packing-house in Springfield.   The plaintiff entered upon the performance of the contract in January, 1883.   In May of that year the defendant formed a copartnership in the same business with one Houghton; from which time the copartnership carried on the business until after the plaintiff ceased to work, in January, 1885, at which time the contract also expired.   After Houghton became a copartner, in May, the business continued as before, and the plaintiff remained in the employ and under the direction of the firm during the first and second years of his service.   The plaintiff has been paid for the two years at the rate agreed upon for the first year, and now sues to recover the extra rate for the second year.

The presiding judge ruled, in substance, that, if the defendant continued business with a partner during the second year, he would be continuing the business, within the meaning of the contract, and left it to the jury to determine, as a question of fact, whether the defendant gave up the business.   The copartnership was formed in May of the first year, and the business continued after May, under the firm, in the same manner as before it was entered into.   The defendant was still engaged in the same business.   During the second year the business was continued by the defendant, in the same manner as during the greater part of the first year.   The defendant still continued the business as before, in connection with Houghton, with whom he was associated as copartner, and retained the plaintiff in his employ.   We think that the ruling of the court was correct.

The defendant introduced evidence tending to show that, just prior to the termination of the first year of the plaintiff's service, he told the plaintiff that they could not pay him an advanced price for the second year, and that the plaintiff agreed to work for the same sum which he had been receiving.   This the plaintiff denied.   He was also allowed, against the objection of the defendant, to put in evidence that in 1885 he had a conversation with Houghton, in which Houghton said, "We are going to cut you down half a dollar a day;" that the plaintiff replied that he had a contract with Smith; that Houghton said he did not know that, and would see Smith about it; and that, later in the same day, he said, "I found the contract; I do not see but Smith has got to keep you and pay you."

The language used by the defendant, that "they" could not pay him, indicates that he meant that he and Houghton, the copartners, could not pay him; and that Houghton was interested in the payment. Houghton was a copartner, he had charge of the business, and, so far as appears from the evidence reported, he was equal in authority with his copartner. He exercised control and direction over the plaintiff. The defendant had given up to Houghton the direction of the work. He was not only the agent of his copartner, but he was equally interested with the defendant in the business of the firm. The plaintiff was working for the copartnership; he took direction as to his work from the partner Houghton; he received his pay weekly, it being "handed him in an envelope, with envelopes containing the pay of other employees." There was some evidence that the contract by the plaintiff with the defendant was assumed by the firm, and that the plaintiff was at work under it for the copartnership. Under these circumstances, it is apparent that Houghton in his conversation with the plaintiff was a party interested equally with his copartner. In his conversation with the plaintiff, he was not only an agent of the defendant, but was also a party himself; and, although the contract in its form was personal with the defendant, there was evidence that it was used by the firm for its own benefit. While so used, the conversation of Houghton with the plaintiff in reference to its operation was admissible. *Exceptions overruled.*

*C. L. Long,* for the defendant.

*E. H. Lathrop,* for the plaintiff.